# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0429, <u>N.D. v. C.N.</u>, the court on November 15, 2022, issued the following order:**

Having considered the brief and record submitted on appeal, the court concludes that oral argument is unnecessary in this case, <u>see</u> <u>Sup. Ct. R.</u> 18(1), and that the defendant has not established reversible error, <u>see</u> <u>Sup. Ct. R.</u> 25(8); <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014). We note that, although the defendant raises a number of arguments regarding the admissibility of evidence at trial under the rules of evidence, the New Hampshire Rules of Evidence do not apply in this case. <u>See</u> RSA 173-B:3, VIII (2022) (providing that the technical rules of evidence do not apply in proceedings under RSA chapter 173-B, and that the trial court may admit any evidence it considers relevant and material); RSA 633:3-a, III-a (2016) (providing that, in civil stalking proceedings, "the procedures and burdens of proof . . . shall be the same as those set forth in RSA 173-B"); <u>N.H. R. Ev.</u> 1101(d)(3) (providing that the New Hampshire Rules of Evidence do not apply in "civil domestic violence and stalking proceedings"). Additionally, we note that the defendant argues that the trial judge was biased against him. However, based upon our review of the record, we cannot conclude either that a reasonable person would have questioned the judge's impartiality, or that any factors that would have <u>per</u> <u>se</u> disqualified her were present. <u>See</u> <u>State v. Bader</u>, 148 N.H. 265, 268-71 (2002).

<u>Affirmed</u>.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**